### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIAN T. JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-1146 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### O R D E R

This matter is now before the Court on Petitioner, Adrian Johnson's ("Johnson"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Carter's § 2255 Motion [#2] is DENIED.

### BACKGROUND

Following a jury trial in June 2006, Johnson was found guilty of possession of more than 50 grams of crack cocaine with intent to distribute in violation of 18 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(iii).  He was sentenced to life in prison.  Johnson pursued a direct appeal to the Seventh Circuit, but subsequently withdrew his appeal.

Johnson now brings this § 2255 motion in which he raises essentially four claims: (1) counsel was ineffective; (2) his Fourth Amendment rights were violated; (3) the affidavit in support of his complaint was false; and (4) the Government failed to give proper notice of his two prior criminal convictions.  The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

1.  Ineffective Assistance of Counsel

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

Johnson contends that trial counsel was ineffective for failing to investigate facts surrounding his initial stop and counsel's failure to file a motion to quash his arrest because the arrest was the result of his unreasonable detention. Johnson asserts that he and his counsel discussed several options prior to trial, including lack of reasonable suspicion to detain/arrest and lack of knowledge of the drugs based on the affidavit of his girlfriend stating that she planted the drugs in his car without his knowledge. His attorney determined that the lack of knowledge was a stronger defense and made the strategic choice to pursue that defense.

Counsel's strategy to pursue one line of defense over another is subject to a highly deferential standard under the Strickland analysis. Barnhill v. Flannigan, 42 F.3d 1074, 1078 (7th Cir. 1994). In fact, "once defense counsel conducts a reasonable investigation

into all lines of possible defenses, counsel's strategic choice to pursue one line to the exclusion of others is rarely second-guessed." United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). Here, the record indicates that Johnson's counsel did investigate the circumstances surrounding the initial stop, as counsel filed both a Motion to Suppress and Motion in Limine directed toward keeping his alcohol possession and incriminating statements out of evidence. The affidavit from Attorney Joseph Borsberry indicates that Johnson always maintained his innocence and did not knowingly possess drugs. Attorney Borsberry interviewed Johnson's girlfriend regarding her alleged role in planting the drugs in the car that Johnson was driving in retaliation for his cheating on her and found her to be very credible. Although Johnson wanted him to file a motion to suppress raising Fourth Amendment issues, Attorney Borsberry discovered that Johnson did not have an ownership interest in the car and would therefore have lacked the reasonable expectation of privacy necessary to support a Fourth Amendment challenge. He therefore filed a Motion to Suppress statements made by Johnson that allowed him to investigate the facts surrounding the initial stop without negating his opportunity to present the lack of knowledge defense.

Johnson concedes that counsel believed that the lack of knowledge regarding the drugs was a stronger defense, and the Court cannot find that this conclusion was not reasonable. The fact that the defense presented was ultimately unsuccessful does not render counsel's strategy unreasonable or ineffective. Accordingly, Johnson has failed to demonstrate that counsel's performance fell below the constitutional standard, and his ineffective assistance claim necessarily fails.

Johnson subsequently amended his claim to include allegations that counsel did not discuss the Federal Guidelines, a proffer agreement, or the applicable statute, did not tell him he was facing mandatory life, ignored his desire to proffer, and only wanted to go to trial to collect more money from his family.  Attorney Borsberry states in his affidavit that he met with Johnson four times at the jail, as well as numerous times at the courthouse and during numerous telephone conversations.  They discussed the sentencing guidelines and the possible sentencing range both with a guilty plea and with going to trial, including the possibility of a life sentence.  They also discussed the possibility of pursuing a proffer agreement, but Johnson always maintained his innocence and never expressed any interest in proffering until after he was convicted and confessed his guilt.  Rather, Johnson always insisted that he did not knowingly possess the drugs and that they had been planted by his girlfriend.  Given this consistent assertion of innocence, as well as what he believed to be credible support from the girlfriend's affidavit and interviews, Attorney Borsberry states that he did advise Johnson not to plead guilty, but that his advice had nothing to do with obtaining additional attorney's fees.

In contrast to Johnson's general allegations regarding their conversations in this respect, Attorney Borsberry's specific recollections, if accepted as true, would not be indicative of performance below an objective standard of reasonableness. The Court further notes that had Johnson truly found himself being forced to trial against his will, common sense would seem to dictate that he would have objected or made some attempt to inform the Court of his plight, particularly where he displayed no hesitancy to convey his displeasure to the Court on other occasions throughout these proceedings.   That being said, the Court cannot assign credibility without holding an evidentiary hearing.

However, the Court finds that an evidentiary hearing is not necessary, as even assuming that Attorney Borsberry did not fully discuss the guidelines, possibility of a plea and proffer, etc., Johnson has failed to establish that he suffered any prejudice. Given the fact that he had two or more prior felony drug convictions, his offense necessarily carried with it a statutory sentence of mandatory life imprisonment without release. Specifically, 21 U.S.C. § 841(b)(1)(A)(ii) provides:

> If any person commits a violation of this subparagraph . . . after two or more prior convictions for felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .

Thus, the guidelines would not have been controlling in any event pursuant to USSG 5G1.1(c), and he would have faced the same mandatory life sentence regardless of whether he entered a guilty plea.

Given his prior felony convictions and criminal history, the only possibility to escape the mandatory life sentence would have been upon motion of the Government for substantial cooperation pursuant to 18 U.S.C. § 3553(e). However, Johnson's vague assertions are a far cry from establishing that he was prejudiced by counsel's failure to request a plea agreement and an opportunity to proffer from the Government. To demonstrate prejudice under the Strickland standard, a defendant must demonstrate not merely that there was a possibility of prejudice but that counsel's errors "worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596 (1982).

It is well-settled that the Government has no obligation to offer a plea agreement or opportunity to cooperate. United States v. Hall, 212 F.3d 1016, 1022 (7th Cir.2000).

Rather, the successful negotiation of such an agreement "involves factors beyond the control of counsel, including the cooperation of his client ... as well as the cooperation of the prosecutor, who has no obligation to offer such an agreement." Id.  "Prosecutors need not offer discounts and may withdraw their offers on whim. Defendants have no substantive right to bargain-basement sentences." Id., *quoting* United States v. Springs, 988 F.2d 746, 749 (7th Cir.1993).  The Seventh Circuit has emphasized this reality with respect to drug trafficking offenses, noting that the Government is not bound to even discuss a plea agreement because "there are people who truly belong behind bars due to the serious harm they pose to society, especially those who choose to 'poison the community with the sale of illegal drugs.'" Id., *quoting* United States v. O'Gradym 812, F.2d 347, 355 (7th Cir. 1987).

Johnson does not indicate what information he would have been willing to provide that would have persuaded the Government to offer him a favorable plea agreement or that would have constituted such substantial assistance that the Government would have exercised its sole discretion to file a motion that would have taken him out from under the mandatory life sentence.  Nor does he offer any evidence that he would have proffered truthfully, that the parties could have reached a plea agreement, or that he would have accepted a plea agreement had one been offered.  In order to establish prejudice under Strickland, Johnson must establish through objective evidence a reasonable probability that he would have accepted the plea agreement.  Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991).  As Johnson has fallen far short of making this showing, he has failed to establish prejudice, and his claim of ineffective assistance must fall.

2.  Fourth Amendment Issue

Johnson argues that his Fourth Amendment rights were violated because: (1) the officers who arrested him in this case did not have reasonable suspicion justifying the stop; (2) his arrest was not an intervening event that severed the causal connection between the unlawful arrest and discovery of the drugs in the vehicle; and (3) a suppression of custodial statements and quashing of his arrest was required. Such claims cannot be brought in a federal habeas corpus proceeding pursuant to Stone v. Powell, 428 U.S. 465, 493-95 (1976) (holding that Fourth Amendment claims are non-cognizable in federal habeas proceedings because the defendant has a full and fair opportunity to litigate the claims on direct appeal).

3.  Affidavit in Support of Complaint Contained Knowingly False Statements

Johnson contends that the affidavit in support of the criminal complaint contained knowingly false statements. Specifically, he challenges the affiants' assertion that he was "familiar with the following facts based upon your affiant's personal observations" when the affiant was not present at the scene of the events and a statement that "Johnson came back to the listed vehicle, which was still running, with the officers." This is alleged to have been in violation of his Fourth Amendment rights.

Again, Fourth Amendment claims are non-cognizable in this § 2255 proceeding pursuant to Stone. Moreover, as Johnson challenged the criminal complaint, requested and received a preliminary hearing on the complaint, was held over for the grand jury, and proceeded to trial on an indictment, any alleged defect in the complaint would not have prejudiced his trial.

### 4. Prior Convictions

Finally, Johnson suggests that his rights were violated because the Government failed to give the required notice pursuant to 28 U.S.C. § 851(b) prior to pronouncing his sentence. In order to enhance a defendant's sentence based on prior convictions, the Government must first give timely notice of its intent pursuant to 28 U.S.C. § 851(a) and describe the basis for the enhancement sought. United States v. Williams, 298 F.3d 688, 692 (7th Cir. 2002). Section 851(b) then provides that prior to sentencing, the district judge is required to ask the defendant whether he affirms or denies the previous convictions. Id.

Here, it is undisputed that the prior felony drug convictions used to enhance Johnson's sentence were fully disclosed in the Government's June 5, 2006, Notice of Intent to Use Evidence of Prior Conviction. The presentence report also indicates that Johnson's sentence was being enhanced as a result of his prior felony drug convictions. At sentencing, the Court then asked Johnson if he had had a reasonable opportunity to read the presentence report and review it with his counsel; Johnson answered in the affirmative. (Transcript of Sentencing Hearing at 4) Although he pointed out that one of his prior felony convictions was from Knox County rather than Peoria County, he conceded that he had two prior felony drug convictions. His criminal history was then discussed in detail prior to pronouncing sentence. Thus, Johnson was well aware of the likelihood that his sentence would be enhanced based on his prior felony drug convictions.

Under substantially similar circumstances, the Seventh Circuit has held that the defendant had knowledge of the enhancement, as well as a repeated opportunity to object to the use of his prior convictions as a basis for the enhancement. Id. at 693. "Therefore, any error resulting from the district court's failure to comply with the procedures of § 851(b)

was harmless error." Id., *citing* United States v. Fragoso, 978 F.2d 896, 902-03 (5th Cir. 1992); United States v. Arango-Montoya, 61 F.3d 1331, 1339 (7th Cir. 1995).  The same result necessarily follows here, which precludes Johnson from establishing that he was prejudiced by the fact that his attorney did not ask the Court to specifically engage in a § 851(b) colloquy.

## CONCLUSION

For the reasons set forth herein, Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#2] is DENIED.  This matter is now terminated.

ENTERED this 13th day of February, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge