# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ADRIAN T. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No.   07-cv-1146 |

## O P I N I O N  &  O R D E R

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in June 2007, and the case was assigned to Judge Mihm of this District. (Doc. 2).  Petitioner had been convicted in June 2006 of possession of more than 50 grams of crack cocaine with intent to distribute.  The crack cocaine forming the basis of the prosecution was found during the search of a vehicle that Petitioner was driving, but did not own.  Among other claims, Petitioner argued that his trial attorney provided ineffective assistance because he failed to file a motion to suppress the crack cocaine.  On February 14, 2008, Judge Mihm entered an order denying Petitioner's § 2255 Motion; he did not hold an evidentiary hearing.  (Doc. 18).  Judge Mihm found that Petitioner's trial counsel's decision not to pursue a motion to suppress was a reasonable strategic decision, as Petitioner did not own the car and therefore did not have the reasonable expectation of privacy necessary to support a Fourth Amendment challenge.  (Doc. 18 at 4).  Petitioner appealed this decision.

On July 6, 2010, the Seventh Circuit issued its Mandate, vacating Judge Mihm's decision and remanding the matter to the District Court. (Doc. 38). The appellate court noted that a defendant need not have an ownership interest in a vehicle in order to have a reasonable expectation of privacy in that vehicle. *Johnson v. U.S.*, 604 F.3d 1016, 1020 (7th Cir. 2010). Because the attorney's decision not to pursue a suppression motion was based on a misunderstanding of the law, Petitioner had "established a genuine issue of material fact as to whether his trial counsel's performance was deficient under the Sixth Amendment," such that an evidentiary hearing was necessary to resolve the question of whether Petitioner had a reasonable expectation of privacy in the car. *Id.* at 1021. In addition, an evidentiary hearing was necessary to determine whether Petitioner was prejudiced by the attorney's decision not to pursue a motion to suppress. First, Petitioner claimed that he did not consent to the search, while police testified that he did so consent. Second, even if Petitioner did consent, he asserted that the initial stop of the car was invalid and that any subsequent consent was therefore invalid. *Id.* at 1022. If the search was invalid under either of these rationales, then Petitioner's trial counsel's decision not to seek suppression of the crack cocaine could have prejudiced him.

Pursuant to Circuit Rule 36, on remand the matter was reassigned to the undersigned. (7/9/10 Text Order). In accordance with the Mandate of the appellate court, this Court will hold an evidentiary hearing on the issues of whether

Petitioner had a reasonable expectation of privacy in the car, whether he consented to the search, and whether the initial stop of the vehicle was valid.

Under Rule 8(c) of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court must appoint counsel for a § 2255 petitioner who qualifies under 18 U.S.C. § 3006A whenever an evidentiary hearing is held. Petitioner was appointed counsel for purposes of his appeal, but that attorney's service has been completed. The Court will therefore appoint an attorney to represent Petitioner on his § 2255 Motion in this Court. Further, Rule 8(c) provides that the hearing must occur "as soon as practicable after giving the attorneys adequate time to investigate and prepare." Here, as counsel appointed for Petitioner will be new to the case, and as the parties will need to determine what witnesses to call and possibly prepare subpoenas for those witnesses, the Court finds that October 1, 2010 is as soon as is practicable to hold the hearing.

IT IS THEREFORE ORDERED that the Court APPOINTS the Federal Public Defender to represent Petitioner. Pursuant to the Mandate of the Court of Appeals, this matter is SET for an evidentiary hearing on October 1, 2010, at 9:15 A.M. before Judge McDade in Peoria.

Entered this <u>13th</u> day of July, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge