UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ADRIAN T. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No.   07-cv-1146 |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255, which was denied by the trial judge, and the Seventh Circuit's remand of the same to this Court. (Docs. 2 & 50). For the reasons stated below, this Court has complied with the mandate of the circuit court, and Petitioner's § 2255 Motion is denied again.

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in June 2007, and the case was assigned to Judge Mihm of this District. (Doc. 2). Petitioner had been convicted in June 2006 of possession of more than 50 grams of crack cocaine with intent to distribute. The crack cocaine forming the basis of the prosecution was found during the search of a vehicle that Petitioner was driving, but did not own. Among other claims, Petitioner argued that his trial attorney provided ineffective assistance because he failed to file a motion to suppress the crack cocaine. On February 14, 2008, Judge Mihm entered an order denying Petitioner's § 2255 Motion; he did not hold an evidentiary hearing. (Doc.

18). Judge Mihm found that Petitioner's trial counsel's decision not to pursue a motion to suppress was a reasonable strategic decision, as Petitioner did not own the car and therefore did not have the reasonable expectation of privacy necessary to support a Fourth Amendment challenge. (Doc. 18 at 4). Petitioner appealed this decision.

On July 6, 2010, the Seventh Circuit issued its Mandate, vacating Judge Mihm's decision and remanding the matter to this Court. (Doc. 38). The appellate court noted that a defendant need not have an ownership interest in a vehicle in order to have a reasonable expectation of privacy in that vehicle. *Johnson v. U.S.*, 604 F.3d 1016, 1020 (7th Cir. 2010). Because the attorney's decision not to pursue a suppression motion was based on a misunderstanding of the law, Petitioner had "established a genuine issue of material fact as to whether his trial counsel's performance was deficient under the Sixth Amendment," such that an evidentiary hearing was necessary to resolve the question of whether Petitioner had a reasonable expectation of privacy in the car. *Id.* at 1021. In addition, at issue was the question of whether Petitioner was prejudiced by the attorney's decision not to pursue a motion to suppress, which turned on whether such a motion would have been successful. First, Petitioner claimed that he did not consent to the search, while police testified that he did so consent; the resolution of this argument would require the Court to hear evidence. Second, even if Petitioner did consent, an evidentiary hearing was necessary to present Petitioner's contention that his original seizure allegedly based on the police's suspicion that he was illegally

2

carrying an open container of alcohol was unreasonable and without probable cause, in violation of the Fourth Amendment, and that it therefore tainted all subsequent actions by the police, including the search of the vehicle he was driving and the subsequent seizure of the crack cocaine and other drug related items. *Id.* at 1022.

If Petitioner did have a reasonable expectation of privacy in the car, if the search was invalid, and if the government cannot "establish an independent constitutional basis for the search," then Petitioner's trial counsel's decision not to seek suppression of the crack cocaine would have prejudiced him. *Id.* at 1022. Essentially, the Seventh Circuit's mandate required the Court to consider the merits of the suppression motion that his attorney did not file.

In furtherance of the mandate, Petitioner, through his appointed counsel, filed a Motion to Suppress the evidence on October 26, 2010, raising each of these issues. (Doc. 49). Respondent filed both a Response and a Supplemental Response, each arguing against the arguments raised in the Motion to Suppress and offering several independent constitutional bases for the search. (Docs. 51 & 58). Following several agreed continuances of the matter, the Court held a hearing on the Motion to Suppress on December 7, 2011. (12/7/11 Minute Entry). Petitioner presented his evidence, and Respondent presented its first witness. During the cross-examination of Respondent's first witness, Petitioner indicated to the Court that he wished to withdraw his Motion to Suppress; following the Court's questioning of Petitioner under oath, the Court granted Petitioner's oral Motion to Withdraw his Motion to Suppress. (12/7/11 Minute Entry).

With the withdrawal of his Motion to Suppress, Petitioner has implicitly conceded the remaining issues supporting his § 2255 Motion, including the constitutionality of his initial detention and seizure by the police and whether he was prejudiced by his attorney's failure to file a suppression motion. The Court therefore finds that Petitioner was not prejudiced by his trial attorney's failure to file a suppression motion, and therefore cannot show there to be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Petitioner's constitutional right to the effective assistance of counsel was not violated, and so the Court must DENY his Motion under § 2255. (Doc. 2).

IT IS SO ORDERED.

CASE TERMINATED.


Entered this 8th day of December, 2011.


                  s/ Joe B. McDade
                  JOE BILLY McDADE
                United States Senior District Judge